**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIA C. MEZA,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; HUNT & HENRIQUES, a general partnership; MICHAEL SCOTT HUNT; JANALIE ANN HENRIQUES; ANTHONY J. DIPIERO,<br>*Defendants-Appellees*. | No. 15-16900<br><br>D.C. No.<br>5:14-cv-03486-LHK<br><br>ORDER CERTIFYING QUESTION TO THE CALIFORNIA SUPREME COURT |

Filed June 22, 2017

Before: William A. Fletcher and Richard C. Tallman,
Circuit Judges, and Paul C. Huck,[*] District Judge.

---

[*] The Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

**SUMMARY**[**]

---

**Question Certified to California Supreme Court**

The panel certified the following question to the California Supreme Court:

> Under § 98(a) of the California Code of Civil Procedure, must the affiant be physically located and personally available for service of process at the address provided in the declaration that is within 150 miles of the place of trial?

---

**ORDER**

We certify to the California Supreme Court the question set forth in Part II of this order. Further proceedings are stayed pending receipt of the response to the certified question, and this case is withdrawn from submission until further order of this court. If the California Supreme Court accepts the certified question, the parties will file a joint status report six months after the date of acceptance, and every six months thereafter, advising us of the status of the proceeding.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# I. Administrative Information

Julia Meza is deemed the petitioner in this request because she appeals from the district court's ruling on this issue.  The caption of the case is:

No. 15-16900

JULIA C. MEZA,
Plaintiff-Appellant,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC; HUNT & HENRIQUES, a general partnership; MICHAEL SCOTT HUNT; JANALIE ANN HENRIQUES; and ANTHONY J. DIPIERO,
Defendants-Appellees.

The names and addresses of counsel are:

For Plaintiff-Appellant Julia C. Meza:  Owen Randolph Bragg, Horwitz, Horwitz & Associates, 25 East Washington Street, Suite 900, Chicago, IL 60602; Raeon R. Roulston & Fred W. Schwinn, Consumer Law Center, Inc., 12 South First Street, Suite 1014, San Jose, CA 95113-2418.

For Defendants-Appellees Portfolio Recovery Associates, LLC; Hunt & Henriques, a general partnership; Michael Scott Hunt; Janalie Ann Henriques; and Anthony J. Dipiero:  Tomio Buck Narita & Jeffrey Topor, Simmonds & Narita, LLP, 44 Montgomery Street, Suite 3010, San Francisco, CA 94104.

## II. Certified Question

Pursuant to California Rule of Court 8.548(b)(2), we certify the question presented below. There is no controlling California precedent regarding the certified question, and the answer to the question could determine the outcome of this appeal. Cal. R. Ct. 8.548(a). It is also an issue likely to recur and affect thousands of cases filed in the "limited civil division" of the California Superior Courts. The issue has divided the Appellate Divisions of several Superior Courts, and there is no authority from any District Court of Appeal. The question certified is as follows:

> Under § 98(a) of the California Code of Civil Procedure, must the affiant[1] be physically located and personally available for service of process at the address provided in the declaration that is within 150 miles of the place of trial?

Our phrasing of this question is not intended to restrict the California Supreme Court's consideration of the issues, Cal. R. Ct. 8.548(f)(5), and we agree to accept and follow the decision of the California Supreme Court, Cal. R. Ct. 8.548(b)(2).

## III. Statement of Facts

Julia Meza had a consumer credit card account with Wells Fargo Bank, N.A. She later defaulted on her credit account, and the defaulted debt was sold to Portfolio Recovery Associates ("PRA"). PRA placed the debt with

---

[1] "Affiant" and "declarant" are used interchangeably throughout this certification order.

the law firm of Hunt & Henriques ("H&H") for collection, and the firm, along with PRA ("Appellees"), filed a lawsuit in the Superior Court of California, San Mateo County, to collect the defaulted debt from Meza.

As part of the collection action, Appellees served Meza with a document titled, "Declaration of [PRA] in Lieu of Personal Testimony at Trial (CCP § 98)." The declaration—filed pursuant to California Code of Civil Procedure § 98—described Meza's unpaid account and was signed by a PRA employee, Colby Eyre, who authenticated the basis for claiming the amounts owed. It also stated that, "Pursuant to CCP § 98 this affiant is available for service of process: c/o Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, CA 95119 for a reasonable period of time, during the twenty days immediately prior to trial."

The parties agree that the above address is not Colby Eyre's work address. They also agree that Eyre lives more than 150 miles from the relevant county courthouse. However, it is clear that H&H was authorized to accept service of process on Eyre's behalf, and that H&H's law offices are within § 98's 150-mile requirement.

Based on these underlying facts, Meza filed a putative class action in the United States District Court for the Northern District of California in August 2014, alleging that PRA failed to comply with California Code of Civil Procedure § 98. In her First Amended Complaint, she purported to represent "(i) all persons residing in California, (ii) who were served by [PRA] with a Declaration in Lieu of Personal Testimony at Trial, pursuant to California Code of Civil Procedure § 98, (iii) where the declarant was located more than 150 miles from the courthouse where the collection lawsuit was pending." She claimed that PRA's declaration was invalid because Eyre was not personally

available for service at the address provided in his declaration. And she argued that PRA's use of this declaration misrepresented that it would be admissible at trial. She therefore maintained that PRA was in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which, among other things, prohibits debt collectors from using false, deceptive, misleading, or unfair representations to collect any debts.

On April 27, 2015, Appellees filed a motion for summary judgment and argued that California Code of Civil Procedure § 98 simply requires the affiant to be "available for service of process" within 150 miles of the place of trial, not personally available for service at the address provided. The district court agreed, finding that the plain language of § 98 did not require the affiant's physical presence, and that the legislative history and purpose of the statute supported that interpretation. The district court therefore held that PRA's declaration complied with § 98 and contained no false or misleading statements in violation of the FDCPA. It granted Appellees' motion and entered judgment in their favor.

Meza timely appealed.

## IV. Explanation of Certification

This appeal turns on whether California Code of Civil Procedure § 98 requires the affiant to be physically located and personally available for service of process at the address provided in the declaration. The question is purely one of state law and is dispositive of this appeal—if physical presence is not required, then PRA complied with the state statute and did not make any false or misleading representations in violation of the FDCPA. Cal. R. Ct. 8.548(a)(1).

There is no controlling California precedent addressing this question.  Cal. R. Ct. 8.548(a)(2).  And while the issue has been considered by the Appellate Divisions of various California Superior Courts, those decisions are not binding and have limited persuasive authority.  *See Suastez v. Plastic Dress-Up Co.*, 647 P.2d 122, 126 n.6 (Cal. 1982).  They have also reached inconsistent outcomes.  *Compare CACH LLC v. Rodgers*, 176 Cal. Rptr. 3d 843 (Cal. App. Dep't Super. Ct. 2014) (holding that § 98 requires the affiant to be physically present at the location provided in the declaration), *and Target Nat'l Bank v. Rocha*, 157 Cal. Rptr. 3d 156 (Cal. App. Dep't Super. Ct. 2013) (same), *with Citibank v. Bardin*, No. BV 028877 (Cal. App. Dep't Super. Ct. Dec. 8, 2011) (unpublished) (holding that there was nothing in the record to demonstrate that the use of a post office box rendered the declaration noncompliant with § 98).

The question certified presents an issue of significant importance to the State of California.  *See Munson v. Del Taco, Inc.*, 522 F.3d 997, 999–1000 (9th Cir. 2008).  Though § 98 applies only to "limited civil cases," *see* Cal. Code Civ. Proc. § 91, an answer from the California Supreme Court will help simplify litigation procedures in these low value cases, which are responsible for the vast majority of civil filings in California.  *See Preface* to Judicial Council of California, 2016 Court Statistics Report, Statewide Caseload Trends (2016); *see also id.* at 40.  It will also provide guidance to California consumers, creditors, and debt collectors and purchasers who litigate thousands of debt collection cases each year.

## V. Relevant Law and Arguments Presented

Under California Code of Civil Procedure § 98, "[a] party may, in lieu of presenting direct testimony, offer the prepared testimony of relevant witnesses in the form of

affidavits or declarations under penalty of perjury." To be received as evidence, however, a copy of the declaration must be served on the opposing party, "together with a current address of the affiant that is within 150 miles of the place of trial, and the affiant is available for service of process at that place for a reasonable period of time, during the 20 days immediately prior to trial." Cal. Code Civ. Proc. § 98(a).[2] The dispute here centers on the meaning of "available for service of process."

California rules of statutory interpretation seek to "ascertain the intent of the Legislature so as to effectuate the purpose of the law." *State Farm Mut. Auto. Ins. Co. v. Garamendi*, 88 P.3d 71, 78 (Cal. 2004) (internal quotation omitted). Under California law, courts "look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase, and sentence in pursuance of the legislative purpose." *Id.* (internal quotation omitted). California courts also "read every statute with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." *Id.* (internal quotation omitted).

If the statute is clear, then there is no need for judicial construction. *Hughes v. Bd. of Architectural Examiners*, 952 P.2d 641, 649 (Cal. 1998). However, if the statute is ambiguous—i.e., capable of two reasonable constructions—

---

[2] The declaration may also be received as evidence if "[t]he statement is in the form of all or part of a deposition in the case, and the party against whom it is offered had an opportunity to participate in the deposition." Cal. Code Civ. Proc. § 98(b).

then California courts will "consider evidence of the Legislature's intent beyond the words of the statute." *Id.*

Both Meza and PRA contend that the plain language of the statute supports their respective positions.   Meza's argument focuses on the language of § 98 read in conjunction with other California statutory provisions.  She argues that the California Legislature must have contemplated that the affiant be personally available for service of process at the address provided in the declaration because § 98 operates as an exception to the general rule against hearsay evidence.   *See* Cal. Evid. Code § 1200. Though § 98 broadly allows a party to present witness testimony in the form of a declaration, § 98(a) in turn requires the offering party to provide a current address of the affiant so that the opposing party can seek to require the affiant's attendance at trial.   It therefore preserves the opposing party's right to cross-examine the affiant, should that party wish to challenge the hearsay evidence.  *See Rocha*, 157 Cal. Rptr. 3d at 159–60.

For this protection to work, Meza claims that the affiant must be physically located at the address provided in the declaration.  She cites California Code of Civil Procedure §§ 1985(a) and 1987(a) in support of this argument.  Read alongside § 98, these provisions could suggest that the affiant's attendance at trial can only be secured through the use of a subpoena, § 1985(a), and that a subpoena must be delivered to the witness personally, § 1987(a).  Thus, Meza argues that § 98(a) implicitly requires physical presence, since its protective purpose can only be enforced through the use of a trial subpoena, according to other provisions of the California Code of Civil Procedure.  *See Rodgers*, 176 Cal. Rptr. 3d at 847–48; *Rocha*, 157 Cal. Rptr. 3d at 160.

PRA argues that § 98's language does not require actual physical presence.  Had the California Legislature intended physical presence at the address provided in the declaration, it could have easily required the affiant to provide "a current residential or work address," rather than simply "a current address."  *See* Cal. Code Civ. Proc. § 98(a).  The Legislature also could have required an address where the affiant is subject to subpoena prior to trial.  But because the Legislature merely demanded an address where the affiant is "available for service of process," *id.*, PRA argues that the court should not add words to an otherwise clear statutory provision.

Moreover, PRA argues that such an exercise would contravene the legislative history and purpose of § 98.  *See Hughes*, 952 P.2d at 649.  California Code of Civil Procedure §§ 90–100, collectively referred to as Economic Litigation for Limited Civil Cases, were enacted to reduce costs in cases involving relatively small dollar values.  As originally introduced, § 98 allowed a party to introduce the affidavit of any witness if "[a] copy, together with the current address of the affiant, has been received by the party against whom it is offered at least 15 days prior to trial, and the affiant is subject to subpena [sic] for the trial."  Assemb. B. 3170, 1981–1982, Reg. Sess. (Cal. 1982) (as introduced, March 10, 1982).  It was then amended in the Assembly on April 21, 1982, and enacted into law as part of Senate Bill No. 1820 later that year.  The 1982 version allowed parties to prepare affidavits or declarations, in lieu of trial testimony, provided that "[a] copy, together with the current address of the affiant, has been served on the party against whom it is offered at least 30 days prior to the trial, and the affiant is available for service of process at a place designated by the proponent, within 150 miles of the place

of trial." Assemb. B. 3170, 1981–1982, Reg. Sess. (Cal. 1982) (as amended, April 21, 1982).

In 1983, § 98(a) underwent one final amendment. It remains in effect today:

> A party may, in lieu of presenting direct testimony, offer the prepared testimony of relevant witnesses in the form of affidavits or declarations . . . provided that . . .

> (a) A copy has been served on the party against whom it is offered at least 30 days prior to the trial, together with a current address of the affiant that is within 150 miles of the place of trial, and the affiant is available for service of process at that place for a reasonable period of time, during the 20 days immediately prior to trial.

Cal. Code Civ. Proc. § 98(a).

PRA argues that these amendments strongly support its position that § 98(a) does not require physical presence at the address provided. According to California rules of statutory interpretation, "[t]he rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision." *People v. Soto*, 245 P.3d 410, 420 (Cal. 2011) (quoting *Rich v. State Bd. of Optometry*, 45 Cal. Rptr. 512, 522 (Cal. Dist. Ct. App. 1965)). As such, PRA contends that the court should not read § 98 to require the use of a trial subpoena. Rather, PRA argues that the Legislature clearly contemplated other forms of service of process, forms that

do not require the affiant to be personally available to accept service of process.**[3]**

Given the seemingly ambiguous language of § 98, and the inconsistent outcomes reached by California Superior Courts, we believe the California Supreme Court is in the best position to interpret the statute and settle an important question of state law. We therefore respectfully request that the California Supreme Court exercise its discretion to decide the certified question. Absent certification, we will attempt to determine how the California Supreme Court would interpret this statute, though we are not the final expositor of California law. *Walker v. City of Lakewood*, 272 F.3d 1114, 1125 (9th Cir. 2001); *Pacheco v. United States*, 220 F.3d 1126, 1131 (9th Cir. 2000).

## VI. Accompanying Materials

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, and an original and ten copies of this order and request for certification, along

---

**[3]** Additionally, PRA notes that alternative forms of service of process would better promote § 98's purpose. In its view, requiring parties to hire process servers would be much more costly than simply allowing parties to fax or email notices to authorized agents. *Cf. Rodgers*, 176 Cal. Rptr. 3d at 847–48 (indicating that, "in the vast majority of cases, where the matters are uncontested or otherwise unchallenged," it is "unwieldy" to "requir[e] personal service, or hav[e] a local declarant literally available for service within 150 miles"). Meza, however, contends that § 98's purpose weighs in her favor, as it limits how far an opponent must travel to serve a subpoena on an affiant whose attendance at trial is required.

with a certification of service on the parties, pursuant to California Rule of Court 8.548(c) and (d).

The Clerk is directed to administratively close this docket, pending further order.  This panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED.**